WMN:BSK
F. #2011R00403/OCDETF #NYNYE547



CR 11 247

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

VASSYLY KOTOSKY VILLAROEL RAMIREZ,
    also known as "Mauro" and
    "Angel,"
ADRIANA ZUNILDE SUPPA PENATE,
    also known as "La Gorda," and
HERNANDO ESTEBAN OVIEDO CASTRO,
    also known as "Epale,"

        Defendants.

- - - - - - - - - - - - - - - - - - -X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 11-247 (S-1)(BMC)
(T. 21, U.S.C., §§
853(a), 853(p) 959(a),
959(c), 960(a)(3),
960(b)(1)(B)(ii) and
963; T. 18, U.S.C. §§ 2,
3238 and 3551 et seq.)

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Indictment:

1. Between January 1, 2004 and May 1, 2010, VASSYLY KOTOSKY VILLAROEL RAMIREZ, also known as "Mauro" and "Angel," ADRIANA ZUNILDE SUPPA PENATE, also known as "La Gorda," and HERNANDO ESTEBAN OVIEDO CASTRO, also known as "Epale," were members of an international drug trafficking organization (the "DTO") which imported thousands of kilograms of cocaine from Colombia through Venezuela to Mexico, for transportation to and distribution within the United States.

2. The defendant VASSYLY KOTOSKY VILLAROEL RAMIREZ, also known as "Mauro" and "Angel," was a captain in the

Venezuelan Guardia Civil who arranged for the transportation of the cocaine from the Colombian border to Caracas, Venezuela, and from Caracas, Venezuela to various airports and seaports, using official government vehicles, including trucks and cars.

3. The defendant ADRIANA ZUNILDE SUPPA PENATE, also known as "La Gorda," was a customs broker who arranged to have the cocaine placed on container ships and transported from the Venezuelan port of Puerto Cabello to Mexico.

4. The defendant HERNANDO ESTEBAN OVIEDO CASTRO, also known as "Epale," was a lieutenant in the DTO who was responsible for storing the cocaine in warehouses throughout Caracas and nearby suburbs, and making sure the cocaine was transported properly to the various ports.

COUNT ONE
(International Cocaine Distribution Conspiracy)

5. The allegations contained in paragraphs 1 through 4 are realleged and incorporated as if fully set forth in this paragraph.

6. On or about and between January 1, 2004 and May 1, 2010, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants VASSYLY KOTOSKY VILLAROEL RAMIREZ, also known as "Mauro" and "Angel," ADRIANA ZUNILDE SUPPA PENATE, also known as "La Gorda," and HERNANDO ESTEBAN OVIEDO CASTRO, also known as "Epale," together with others, did knowingly and intentionally

conspire to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Sections 959(a) and 960(a)(3).

(Title 21, United States Code, Sections 963, 959(c) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 3238 and 3551 et seq.)

## COUNT TWO
(International Distribution of Approximately 7,709 Kilograms of Cocaine)

7.   The allegations contained in paragraphs 1 through 4 are realleged and incorporated as if fully set forth in this paragraph.

8.   On or about and between February 1, 2006 and March 31, 2006, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants VASSYLY KOTOSKY VILLAROEL RAMIREZ, also known as "Mauro" and "Angel," ADRIANA ZUNILDE SUPPA PENATE, also known as "La Gorda," and HERNANDO ESTEBAN OVIEDO CASTRO, also known as "Epale," together with others, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the

United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT THREE
(International Distribution of Approximately
2,468 Kilograms of Cocaine)

9. The allegations contained in paragraphs 1 and 4 are realleged and incorporated as if fully set forth in this paragraph.

10. On or about and between February 1, 2006 and March 1, 2006, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant HERNANDO ESTEBAN OVIEDO CASTRO, also known as "Epale," together with others, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

<u>COUNT FOUR</u>
(International Distribution of Approximately
9,490 Kilograms of Cocaine)

11. The allegations contained in paragraphs 1 through 4 are realleged and incorporated as if fully set forth in this paragraph.

12. On or about and between March 1, 2006 and April 30, 2006, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants VASSYLY KOTOSKY VILLAROEL RAMIREZ, also known as "Mauro" and "Angel," ADRIANA ZUNILDE SUPPA PENATE, also known as "La Gorda," and HERNANDO ESTEBAN OVIEDO CASTRO, also known as "Epale," together with others, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 <u>et</u> <u>seq</u>.)

COUNT FIVE
(International Distribution of Approximately
10,557 Kilograms of Cocaine)

13. The allegations contained in paragraphs 1 through 4 are realleged and incorporated as if fully set forth in this paragraph.

14. On or about and between May 1, 2006 and June 30, 2006, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants VASSYLY KOTOSKY VILLAROEL RAMIREZ, also known as "Mauro" and "Angel," ADRIANA ZUNILDE SUPPA PENATE, also known as "La Gorda," and HERNANDO ESTEBAN OVIEDO CASTRO, also known as "Epale," together with others, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT SIX
(International Distribution of Approximately
15,013 Kilograms of Cocaine)

15. The allegations contained in paragraphs 1 through 4 are realleged and incorporated as if fully set forth in this paragraph.

16. On or about and between July 1, 2006 and August 31, 2006, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant VASSYLY KOTOSKY VILLAROEL RAMIREZ, also known as "Mauro" and "Angel," and HERNANDO ESTEBAN OVIEDO CASTRO, also known as "Epale," together with others, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT SEVEN
(International Distribution of Approximately
5,100 Kilograms of Cocaine)

17. The allegations contained in paragraph 1 and 4 are realleged and incorporated as if fully set forth in this paragraph.

18. On or about and between March 1, 2006 and April 6, 2006, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant HERNANDO ESTEBAN OVIEDO CASTRO, also known as "Epale," together with others, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT EIGHT
(International Distribution of Approximately
11,535 Kilograms of Cocaine)

19. The allegations contained in paragraphs 1 through 4 are realleged and incorporated as if fully set forth in this paragraph.

20. On or about and between February 1, 2007 and April 1, 2007, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants VASSYLY KOTOSKY VILLAROEL RAMIREZ, also known as "Mauro" and "Angel," and HERNANDO ESTEBAN OVIEDO CASTRO, also known as "Epale," together with others, did knowingly and

intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT NINE
(International Distribution of Approximately
600 Kilograms of Cocaine)

21. The allegations contained in paragraphs 1 and 4 are realleged and incorporated as if fully set forth in this paragraph.

22. On or about and between November 1, 2009 and May 1, 2010, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant HERNANDO ESTEBAN OVIEDO CASTRO, also known as "Epale," together with others, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place

outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS ONE THROUGH THROUGH NINE

23. The United States hereby gives notice to the defendants charged in Counts One through Nine that, upon conviction of any such offense, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853, which requires any person convicted of such offenses to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

24. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

  (Title 21, United States Code, Sections 853(a) and 853(p))

A TRUE BILL

_____
FOREPERSON

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

FORM DBD.34
BSK F# 2011R00403

No. _ _ _ _ _ _

## UNITED STATES DISTRICT COURT

EASTERN District of NEW YORK

THE UNITED STATES OF AMERICA

vs.

VASSYLY KOTOSKY VILLAROEL RAMIREZ
  also known as "Mauro" and "Angel,"
ADRIANA ZUNILDE SUPPA PENATE,
  also known as "La Gorda" and
HERNANDO ESTEBAN OVIEDO CASTRO,
  also known as "Epale."

Defendants.

### SUPERSEDING INDICTMENT

Cr. No. 11-247 (S-1) (BMC)
T. 21, U.S.C., §§ 853(a),
853(p), 959(a), 959(c),
960(a)(3), 960(b)(1)(B)(ii)
and 963; T. 18, U.S.C.,
§§ 2, 3238 and 3551 et
seq.)

A true bill.

_____
Foreman

Filed in open court this _____ day.
Of _____ A.D. 19 _____

_____
Clerk

Bail, $ _____

Bonnie Klapper, AUSA 718-254-6426